MANN, Judge.
Appellant brought the action below to declare the forfeiture of a 12-foot boat, electric motor and battery, wooden boxes, rain pants, a trap drag hook and line, 8 soy bean cakes, a styrofoam ice chest and a paddle, which it claimed were used in violation of Florida Statutes § 372.31. F.S.A. which reads:
“(1) In all cases of arrest and conviction for use of illegal nets or traps or fishing devices, as provided in this chapter, such illegal net, trap, or fishing device is declared to be a nuisance and shall be seized and carried before the court having jurisdiction of such of *812 fense and said court shall order such illegal trap, net or fishing device forfeited to the game and fresh water fish commission immediately after trial and conviction of the person in whose possession they were found. When any illegal net, trap or fishing device is found in the fresh waters of the state, and the owner of same shall not be known to the officer finding the same, such officer shall immediately procure from the county judge an order forfeiting said illegal net, trap or fishing device to the game and fresh water fish commission. The game and fresh water fish commission may destroy such illegal net, trap or fishing device, if in its judgment said net, trap or fishing device is not of value in the work of the department.
“(2) When any nets, traps, or fishing devices are found being used illegally as provided in this chapter, the same shall be seized and forfeited to the game and fresh water fish commission as provided in this chapter.”
The court below allowed forfeiture of the trap drag hook and line and the soy bean cakes, but held that the other property was not within the category of “fishing devices” made subject to forfeiture by the legislature.
We agree. We are not persuaded that the retention of this law by the legislature implies acquiescence in administrative interpretations broader than the language of the statute allows. We are aware that in Bruce v. Malloy, 150 Fla. 157, 7 So.2d 123 (1942), seine nets, boats and motors were taken and the Supreme Court upheld the forfeiture. But the question in that case was whether the owner had entered a timely claim. The problem of interpretation of the statute was not raised. In Opinion 047-141 (1947) the Attorney General was asked to construe the statute and determined that it did not include boats and motors within the category of “fishing devices”. Judge Gunter Stephenson reversed a holding of the Criminal Court of Record of Polk County including boats and motors within the statutory language in State v. Carter, 13 Fla.Supp. 136 (Cir.Ct.1958).
It will be seen in the statute that the word “illegal” precedes “nets” in five places and “traps” in one. “Fishing devices” is arguably, therefore, a catch-all phrase limited by the doctrine of ejusdem generis to illegal devices. It is unnecessary so to hold. We merely suggest that if the legislature wishes to grant to the Game and Fresh Water Fish Commission the power contended for it may, by proper enactment. Our function is to interpret, not to enact, the laws.
Affirmed.
LILES, C. J., and HOBSON, J., concur.